IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOSEPH G. COLE and | § | Case No. 06-42158 |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| ANNETTE M. COLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No. 07-4037 |
| | § | |
| JOSEPH G. COLE, | § | |
| | § | |
| Defendant. | § | |

EOD
04/15/2008

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Annette M. Cole (the "Plaintiff") initiated this adversary proceeding by filing an ORIGINAL COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS (the "Complaint") on March 6, 2007. In the Complaint, the Plaintiff seeks a judgment that the obligations assumed by her ex-husband, Joseph G. Cole (the "Defendant"), in a final decree of divorce are not dischargeable in bankruptcy. The Court tried the Complaint on February 28, 2008. Having considered the Complaint, the evidence presented at trial, and the applicable law, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a), as applied to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7052.

## FINDINGS OF FACT

1. The Plaintiff and the Defendant divorced on December 22, 2004. On that date, the 366th Judicial District Court of Collin County, Texas (the "Divorce Court") entered a Final Decree of Divorce (the "Divorce Decree").

2. In the Divorce Decree, the Divorce Court ordered and decreed that the Plaintiff and the Defendant were to individually pay certain debts as part of the division of the marital estate. In particular, the Defendant was ordered to pay the debt owed to "Novadebt, Account number 6941," which was listed as having a balance of $38,390.44 (the "Novadebt Obligation"). The Plaintiff and the Defendant were to hold the other party harmless from the failure to discharge a liability under the Divorce Decree.

3. The Novadebt Obligation was comprised of individual debts that the Plaintiff and the Defendant had originally incurred. The Novadebt Obligation essentially consolidated the individual debts together so that the Defendant could make one payment for the Novadebt Obligation, which would then be used to pay off individual debts. The Defendant admits in response to the Plaintiff's Complaint that the Novadebt Obligation includes the following:

   a. Bank of America- Concessionary, account no. 4427 xxxx xxxx 2056;

   b. American Express, account no. 3725 xxxxxx 52003;

   c. Chase Manhattan Mastercard, account no. 5184 xxxx xxxx 9669;

   d. Home Depot, account no. 6035 xxxx xxxx 0372;

   e. Sears Gold Mastercard, account no. 5121 xxxx xxxx 1803;

   f. Bank One/First USA, account no. 4417 xxxx xxxx 9862;

   g. Franklin Bank, account no. 5409 xxxx xxxx 8949; and

      h. Bank One/First USA, account no. 5347 xxxx xxxx 8101.

      4.      The Divorce Decree also awarded the Plaintiff a 2001 Chevy Blazer that was purchased during the marriage in both parties' names.  The Plaintiff was to pay the remaining debt on the vehicle, which, at that time, was owed to Community Credit Union.  Community Credit Union subsequently assigned the debt to ViewPoint Bank.  Since the date of the Divorce Decree, the Plaintiff has been in possession of the 2001 Chevy Blazer and has been making payments as and when due.

      5.      On December 8, 2006, the Defendant filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

      6.      In his bankruptcy case, the Defendant is seeking to discharge debts that comprise the Novadebt Obligation.  The Defendant is also seeking to discharge the debt relating to the 2001 Chevy Blazer, and he states in his bankruptcy schedules that he intends to surrender the 2001 Chevy Blazer.

      7.      The Plaintiff initiated this adversary proceeding against the Defendant on March 6, 2007.  In the Complaint, the Plaintiff alleges that the Novadebt Obligation is non-dischargeable pursuant to §523(a)(15) of the Bankruptcy Code.  The Plaintiff also seeks a judgment that the vehicle awarded to her under the Divorce Decree should not be surrendered.  Additionally, the Plaintiff alleges a non-dischargeable claim for child and medical support arrearage pursuant to §523(a)(5) of the Bankruptcy Code.

      8.      In a letter dated October 24, 2007, the Plaintiff and the Defendant entered into a settlement agreement regarding the child and medical support arrearage.  The letter agreement did not address the Plaintiff's claims against the Defendant regarding the Novadebt Obligation or the 2001 Chevy Blazer.

9. With respect to the 2001 Chevy Blazer, the Defendant states in his answer to the Plaintiff's Complaint that he "was not aware there was going to be Repossession of the 2001 Chevy Blazer, after the debt was paid in full."

10. The Plaintiff and the Defendant appeared *pro se* for the trial of the Complaint. The only contested issue at trial was the dischargeability of the Novadebt Obligation. The Defendant sought to establish that the Novadebt Obligation should be discharged pursuant to subsection (A) or (B) of §523(a)(15) of the Bankruptcy Code.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334(a). The Court has the authority to enter a final judgment in this adversary proceeding since it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A) and (I).

### B. Section 523(a)(15)

2. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "<u>BAPCPA</u>") significantly limited the dischargeability of debts under §523(a)(15) of the Bankruptcy Code. The revisions made to the Bankruptcy Code by the BAPCPA apply to cases filed after October 17, 2005. *See* BAPCPA, 109 P.L. 8 § 1501(b)(1) ("the amendments made by this Act shall not apply with respect to *cases commenced* under title 11, United States Code, before the effective date of this Act.") (emphasis added); *see also, e.g., In re Kilroy,* 354 B.R. 476, 496-97 (Bankr. S.D. Tex. 2006). Because the Defendant commenced his bankruptcy case after the BAPCPA's effective date, the Court looks to the post-BAPCPA version of §523(a)(15) in determining the parties' dispute.

4

    3.    Prior to the enactment of the BAPCPA, §523(a) stated as follows:

A discharge under section 727 … of this title does not discharge an individual debtor from any debt –

> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless --
>
> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, or child of the debtor.

11 U.S.C. §523(a)(15).

    4.    The BAPCPA deleted subsections (A) and (B) and added language to the beginning of former §523(a)(15).  Section 523(a)(15) now provides:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt --
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit ...;

11 U.S.C. §523(a)(15).

5.      Here, the disputed debts were incurred in the course of the dissolution of the Debtor's marital relationship with the Plaintiff.  The debts are, therefore, nondischargeable under §523(a)(15) of the Bankruptcy Code.

## CONCLUSION

The Plaintiff is entitled to a judgment that the 2001 Chevy Blazer shall not be surrendered and that the Defendant's liability for the Novadebt Obligation is not dischargeable pursuant to §523(a)(15) of the Bankruptcy Code.  A Judgment consistent with these Findings of Fact and Conclusions of Law will be entered separately.

Signed on 4/15/2008

*Brenda T. Rhoades*     SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE